UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNAID LATEEF,<br><br>        Plaintiff,<br><br>      v.<br><br>CITY OF MADERA, MADERA CITY COUNCIL, and MADERA PLANNING COMMISSION,<br><br>        Defendants. | No. 1:16-cv-01488-DAD-SKO<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>(Doc. No. 5) |

This matter is before the court on a motion to dismiss plaintiff Junaid Lateef's complaint for failure to state a claim brought on behalf of defendants City of Madera ("City"), Madera City Council ("City Council"), and Madera Planning Commission's ("Planning Commission"). A hearing on the motion was held on December 6, 2016. Attorney Brian C. Leighton appeared on behalf of plaintiff Lateef, and attorney Gregory Lee Myers appeared on behalf of the defendants. Having considered the parties' briefs and oral arguments and for the reasons set forth below, the court will grant motion to dismiss plaintiff Junaid Lateef's complaint for failure to state a claim defendants' motion to dismiss motion to dismiss plaintiff Junaid Lateef's complaint for failure to state a claim with leave to amend also being granted.

/////

/////

1

# BACKGROUND

Plaintiff Junaid Lateef commenced this action on October 5, 2016. (Doc. No. 1.) According to the allegations of the complaint, Lateef, a naturalized United States citizen from Pakistan, sought from the Planning Commission approval of a conditional use permit for the sale of cigarettes, beer, and wine; a two-parking-stall variance; and a site plan review for a neighborhood market located at 300 West Olive Avenue, in Madera, California. (*Id.* ¶¶ 7–8.) Prior to the Planning Commission's hearing on the matter, Charles F. Rigby, a member of the City Council, sent an email to each member of the Planning Commission imploring them to deny plaintiff's application. (*Id.* ¶ 8.) On December 8, 2015, the Planning Commission voted to deny plaintiff's application by a five-to-one vote. (*Id.*) Mr. Rigby's email was not disclosed at the Planning Commission hearing, and plaintiff was not made aware of the email until weeks after the hearing. (*Id.* ¶¶ 8–9.)

On December 9, 2015, plaintiff appealed the Planning Commission's decision to the City Council pursuant to Madera Municipal Code ("MMC") § 10-3.1309. (*Id.* ¶ 9.) At the time of the appeal, MMC § 10-3.1310, enacted when the City Council comprised five members, provided that a "four-fifths vote of the whole Council shall be required to grant, in whole or in part, any appealed application denied by the Commission." (*Id.*) However, because the size of the City Council increased to seven members in 2012, Planning Commission staff and plaintiff agreed to a continuance of the appeal until § 10-3.1310 could be amended to reflect a seven-member City Council. (*Id.*) The City Council subsequently amended § 10-3.1310 to require a "five-sevenths vote of the whole of the Council" to grant an appealed application. (*Id.* ¶¶ 10, 20.)

On May 4, 2016 the City Council heard plaintiff's appeal. (*Id.* ¶ 13.) As of that date, there was one vacant seat on the City Council, and Mr. Rigby recused himself from the vote, leaving five voting members of the City Council. (*Id.*) After the City Council voted four-to-one in favor of granting plaintiff's appeal, the members of the City Council and the city clerk appeared to understand that plaintiff's application had been approved as a result of that vote. (*Id.*) However, following the vote, the city attorney took the position that under MMC § 10-3.1310, five affirmative votes were required to grant plaintiff's appeal, and because only four members of

1   the City Council voted in plaintiff's favor, his appeal was denied. (*Id.* ¶ 14.)

2   In this action, plaintiff alleges violations of his federal and state due process rights, as well

3   as his federal right to equal protection. On October 26, 2016, defendants filed a motion to

4   dismiss plaintiff's complaint for failure to state a claim. (Doc. No. 5.) On November 15, 2016,

5   plaintiff filed an opposition. (Doc. No. 8.) On November 23, 2016, defendants filed a reply.

6   (Doc. No. 9.)

## LEGAL STANDARD

8   The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

9   sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

10  1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of

11  sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901

12  F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to

13  relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A

14  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

15  the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

16  *Iqbal*, 556 U.S. 662, 678 (2009).

17  In determining whether a complaint states a claim on which relief may be granted, the

18  court accepts as true the allegations in the complaint and construes the allegations in the light

19  most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v.*

20  *United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth

21  of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v.*

22  *Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed

23  factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me

24  accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and

25  conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S.

26  at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action,

27  supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to

28  assume that the plaintiff "can prove facts which it has not alleged or that the defendants have

3

violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).  In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies on them, and matters of public record.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

**DISCUSSION**

**A.     Due Process**

Plaintiff's complaint alleges two procedural due process causes of action under the federal and state constitutions.  Specifically, plaintiff alleges that his due process rights were violated when: (1) the Planning Commission failed to notify him of Mr. Rigby's email prior to or during its hearing on plaintiff's application; and (2) the City Council denied plaintiff's appeal despite the fact that more than five-sevenths of the voting members affirmatively voting to grant the appeal.  (*See* Doc. No. 1 ¶¶ 29, 34.)  Defendants move to dismiss these causes of action on two primary bases.

      1.     Jurisdiction and Preclusion

Defendants first urge this court to decline to exercise jurisdiction over plaintiff's causes of action because plaintiff commenced a separate state court lawsuit seeking a writ of mandamus related to his efforts to secure a conditional use permit.  (Doc. No. 5-1 at 2–3.)  Defendants argue that because the lawsuit filed in state court concerns issues central to the causes of action in this case—namely interpretation of the Madera Municipal Code—this court should dismiss plaintiff's due process claims.  (*Id.* at 3; *see also* Doc. No. 5-3, Ex. A.)

Defendants' argument in this regard is unpersuasive.  Plaintiff's mandamus action in state court is based purely on state law causes of action.  In contrast, plaintiff brings two due process causes of action in this case based on entirely different rights—i.e., under the federal and state constitutions—from those asserted in his mandamus action in state court.  While it is possible that the two cases may involve common issues, this court lacks discretion to decline to exercise

4

jurisdiction over such federal statutory claims. *See* 28 U.S.C. § 1331 (providing district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *cf. Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.") (citation and internal quotations omitted). Nevertheless, the resolution of specific issues, such as interpretation of the Madera Municipal Code, may be affected by proceedings in the state court case. Defendants, however, have not indicated whether any such issues have actually been decided in plaintiff's state mandamus action, and if so, how those issues are necessary to the resolution of the causes of action now before this court. Accordingly, the court will not dismiss plaintiff's due process causes of action on jurisdictional and preclusion-based grounds.

### 2.  Due Process Under the Federal and State Constitutions

In reply, defendants argue for the first time that plaintiff has failed to state a due process claim because he has not alleged a sufficient property right requiring due process under either the federal or state constitutions.[1] (Doc. No. 9 at 2.) The Fourteenth Amendment to the United States Constitution and Article 1 of the California Constitution prohibit state action that deprives a person of life, liberty, or property without due process of law. U.S. Const. amend XIV § 1; Cal.

/////

/////

---

[1] The court notes that in general, it is not required to consider arguments raised for the first time in a reply brief. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *see, e.g.*, *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief."); *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."). Nevertheless, where the opposing party is given an opportunity to respond, as was the case here, the court may, in its discretion, consider such arguments. *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040–41 (9th Cir. 2003) (finding no abuse of discretion where the district court listened to and considered arguments at a hearing) (citing *Provenz v. Miller*, 102 F. 3d 1478, 1483 (9th Cir. 1996)); *see also PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, No. CV 05-08891 MMM (FMOx), 2013 WL 12080306, at *4 (C.D. Cal. Oct. 8, 2013) ("The court may properly consider evidence and argument submitted with a reply that is responsive to points raised in the non-moving party's opposition . . . .").

Const. art. 1, § 7(a).[2]  To state a claim based upon an alleged violation of procedural due process, plaintiff must allege (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections.  *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003); *see also Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 459–60 (1989); *Portman v. Cty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).  Property interests are not created by the Constitution but "by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."  *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972).  At one end of the spectrum, a state operating license that can be revoked only "for cause" creates a property interest.  *See, e.g.*, *Barry v. Barchi*, 443 U.S. 55, 64 (1979).  At the opposite end of the spectrum, a statute that grants the reviewing body unfettered discretion to approve or deny an application does not create a property right.  *See, e.g.*, *Jacobson v. Hannifin*, 627 F.2d 177, 180 (9th Cir. 1980).  "Whether a statute creates a property interest in the renewal of an existing operating license falls somewhere in the middle of those extremes."  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1164–65 (9th Cir. 2005).

Here, plaintiff first alleges that the Planning Commission's failure to disclose to him Mr. Rigby's email before voting on his permit application deprived him of his due process rights.  However, this court cannot find, and plaintiff has not pointed to any, authority to suggest that he had a property interest in disclosure of communications to the Planning Commission prior to a hearing or vote.  Thus, the court finds that the complaint fails to allege facts sufficient to state a plausible due process claim with respect to this theory.

Second, plaintiff alleges that the City denied him due process when it refused to recognize the City Council's four-to-one vote in favor of granting his appeal.  As plaintiff clarified at the hearing on this matter, his due process claim is not based on denial of a discretionary use permit by the City Council.  Rather, plaintiff alleges that the city attorney misinterpreted the Madera

---

[2] California state due process claims are coextensive with federal due process claims; therefore resolution of the federal due process claim will decide the state due process claim.  *Payne v. Superior Court*, 17 Cal. 3d 908, 914 n.3 (1976); *see also Los Angeles Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 705 n.4 (9th Cir. 1992).

Municipal Code—after the City Council already granted his appeal—effectively revoking a previously approved permit. *See, e.g.*, *Kerley Indus., Inc. v. Pima Cty.*, 785 F.2d 1444, 1446 (9th Cir. 1986) (finding that a state statute providing for the suspension or revocation of permits "endowed appellant with a sufficient claim of entitlement to its conditional use permit and the operation of its plant to establish a property right and to trigger the constitutional requirement of due process."). Plaintiff's claim therefore turns on whether the newly enacted language of MMC § 10-3.1310 (requiring a "five-sevenths vote of the whole of the Council" to grant an appeal) should be construed to require five-sevenths (approximately 71 percent) of all City Council positions, as opposed to five-sevenths of the voting members, on a given matter.[3] At this stage of the litigation, plaintiff's allegations are sufficient to support a plausible inference that he possessed a claim to a state-created property interest.[4] Accordingly, defendants' motion will be denied as to plaintiff's due process causes of action with respect to the City's alleged misinterpretation of the Madera Municipal Code.

**B.   Equal Protection**

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *see also Lee*, 250 F.3d at 686. To state a viable claim under the Equal Protection Clause, a plaintiff "must plead intentional unlawful

---

[3] The interpretation of the Madera Municipal Code is a question of law. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 746 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, ___U.S.___, 135 S. Ct. 1591 (2015) ("In interpreting a state statute, a federal court applies the relevant state's rules of statutory construction."); *Meyers v. Bd. of Admin. for the Federated City Employees Ret. Fund*, 224 Cal. App. 4th 250, 256 (2014) (holding that the interpretation of local ordinances and municipal codes is a question of law).

[4] Because the parties in this case are involved in a pending state court mandamus action relating to interpretation of the Madera Municipal Code, the court notes that a stay may be appropriate. *See Cedar Shake & Shingle Bureau v. City of Los Angeles*, 997 F.2d 620, 622 (9th Cir. 1993) ("[The *Pullman* abstention doctrine] allows postponement of the exercise of federal jurisdiction when 'a federal constitutional issue . . . might be mooted or presented in a different posture by a state court determination of pertinent state law.'") (citing *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941)).

discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." *Byrd v. Maricopa County Sheriff's Dep't*, 565 F.3d 1205, 1212 (9th Cir. 2009) (quoting *Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Serrano v. Francis*, 345 F.3d 1071 (9th Cir. 2003) (quoting *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994)).

Here, plaintiff's complaint contains only the following conclusory allegations with respect to his claim that defendants discriminated against him on the basis of race, ethnicity, national origin, or religious belief: (1) plaintiff immigrated from Pakistan; (2) plaintiff "could feel the racial and ethnic animosity against" him from defendants during the application process; and (3) defendants "singled out" or "showed animus" toward plaintiff because of his race, ethnicity, religion, or national origin. (Doc. No. 1 ¶ 37.) Plaintiff also alleges that the City issued other conditional use permits for similar uses but does not allege that the City denied plaintiff his permit with discriminatory purpose or effect. (*See id.*) These bare allegations cannot give rise to a plausible inference that defendants were motivated by discriminatory intent. *See Iqbal*, 556 U.S. at 676; *Twombly*, 550 U.S. at 555. Accordingly, plaintiff's third cause of action must be dismissed for failure to state a claim.

**C.      Leave to Amend**

For the reasons stated herein, defendants' motion to dismiss the complaint will be granted in part. The court has carefully considered whether plaintiff may further amend his complaint to state claims upon which relief can be granted. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988). *See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). At this early stage of the litigation, the court cannot conclude amendment would be futile or prejudicial to plaintiff.

/////

Accordingly, plaintiff Lateef will be granted an opportunity to amend his complaint in an attempt to cure the deficiencies noted above.[5]

## CONCLUSION

For the reasons set forth above, defendants' motion for to dismiss (Doc. No. 5) is granted in part and denied in part as follows:

1. Defendant's motion to dismiss plaintiff's federal and state due process causes of action with respect to defendants' alleged nondisclosure of Mr. Rigby's email prior to the Planning Commission's vote is granted, with leave to amend.

2. Defendant's motion to dismiss plaintiff's federal and state due process causes of action with respect to the City's alleged misinterpretation of the Madera Municipal Code is denied;

3. Defendant's motion to dismiss plaintiff's federal equal protection cause of action is granted, with leave to amend; and

4. Any amended complaint plaintiff elects to file re-alleging his due process causes of action with respect to defendants' alleged nondisclosure of Mr. Rigby's email and his equal protection cause of action must be filed within 21 days of the date of this order.

IT IS SO ORDERED.

Dated:   **December 13, 2016**

_____
UNITED STATES DISTRICT JUDGE

---

[5] The court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once an amended complaint is filed, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.