UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNAID LATEEF,<br><br>            Plaintiff,<br><br>     v.<br><br>CITY OF MADERA, MADERA CITY COUNCIL, and MADERA PLANNING COMMISSION,<br><br>            Defendants. | No. 1:16-cv-01488-DAD-SKO<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>(Doc. No. 15) |

This matter is before the court on a motion to dismiss claims in plaintiff Junaid Lateef's first amended complaint brought on behalf of defendants City of Madera ("City"), Madera City Council ("City Council"), and Madera Planning Commission's ("Planning Commission"). A hearing on the motion was held on February 21, 2017. Attorney Brian C. Leighton appeared on behalf of plaintiff Lateef, and attorney Gregory Lee Myers appeared on behalf of the defendants. Having considered the parties' briefs and oral arguments and for the reasons set forth below, the court will grant defendants' motion.

## BACKGROUND

**A.     Plaintiff's First Amended Complaint**

According to the first amended complaint, in 2015, plaintiff Lateef sought the Planning Commission's approval of a conditional use permit for the sale of cigarettes, beer, and wine; a

1

two-parking-stall variance; and a site plan review for a neighborhood market located at 300 West Olive Avenue, in Madera, California. (Doc. No. 14 ¶ 8.) Prior to the Planning Commission's hearing on the matter, Planning Commission staff unanimously recommended granting plaintiff's application. (*Id.* ¶ 9.) Separately, Charles F. Rigby, a member of the City Council, sent an email to members of the Planning Commission imploring them to deny plaintiff's application. (*Id.* ¶ 8.) On December 8, 2015, the Planning Commission voted to deny plaintiff's application by a five-to-one vote. (*Id.*) Mr. Rigby's email was not disclosed at the Planning Commission hearing, and plaintiff was not made aware of the email until weeks after the hearing. (*Id.* ¶¶ 8–9.) Plaintiff alleges that Mr. Rigby's email substantially caused members of the Planning Commission to deny plaintiff's application despite the recommendation by Planning Commission staff. (*Id.* ¶ 9.)

On December 9, 2015, plaintiff appealed the Planning Commission's decision to the City Council pursuant to Madera Municipal Code ("MMC") § 10-3.1309. (*Id.* ¶ 10.) At the time of the appeal, MMC § 10-3.1310, enacted when the City Council was comprised five members, provided that a "four-fifths vote of the whole Council shall be required to grant, in whole or in part, any appealed application denied by the Commission." (*Id.*) However, because the size of the City Council increased from five to seven members in 2012, Planning Commission staff and plaintiff agreed to a continuance of the appeal until § 10-3.1310 could be amended to reflect a seven-member City Council. (*Id.*) The City Council subsequently amended § 10-3.1310 to require a "five-sevenths vote of the whole of the Council" to grant an appealed application. (*Id.* ¶¶ 11, 21.)

On May 4, 2016 the City Council heard plaintiff's appeal. (*Id.* ¶ 14.) As of that date, there was one vacant seat on the City Council, and Mr. Rigby recused himself from the vote, leaving five voting members for plaintiff's appeal. (*Id.*) After the City Council voted four-to-one in favor of granting plaintiff's appeal, the members of the City Council and the city clerk appeared to understand that plaintiff's application had been approved as a result of that vote, and such approval was announced from the dais. (*Id.*) However, following the vote, the City Attorney took the position that under MMC § 10-3.1310, five affirmative votes were required to grant plaintiff's appeal, and because only four members of the City Council voted in plaintiff's

favor, the City, acting through its City Attorney, denied plaintiff's application. (*Id.* ¶ 15–16.)

Plaintiff Lateef also alleges that he is an immigrant from Pakistan, lawfully admitted into the United States, and a practicing Muslim. (*See id.* ¶¶ 7, 24.) He alleges that his application was ultimately denied in part because of his race, ethnicity, national origin, or religious beliefs. Specifically, in his first amended complaint plaintiff alleges he became aware that the City's planning manager did not like the fact that a young Pakistani Muslim person was attempting to open a business involving a beer and wine license; that the City's planning manager recently told another Muslim individual with a pending project that "your kind of people will have the hardest time in opening businesses in Madera;" and that five similar conditional use permits, involving beer and wine licenses, were approved for individuals or corporations involving individuals of Indian descent. (*Id.* ¶ 24.)

Plaintiff's first amended complaint contains three causes of action. Plaintiff's first and second causes of action allege that defendants violated his due process rights under the federal and state constitutions, respectively, when (1) members of the Planning Commission considered Mr. Rigby's email without disclosing it to plaintiff, and relied on the email in denying plaintiff's application; and (2) the City misinterpreted the Madera Municipal Code and reversed the City Council's decision to grant plaintiff's appeal. Plaintiff's third cause of action alleges that defendants denied plaintiff his right to equal protection by discriminating against him on the basis of his race, ethnicity, national origin, or religious beliefs.

**B.     Procedural History**

On December 13, 2016, this court granted in part defendants' motion to dismiss plaintiff's original complaint, with leave to amend. (Doc. No. 12.) Specifically, the court dismissed plaintiff's federal and state due process causes of action with respect to defendants' alleged nondisclosure of Mr. Rigby's email prior to the Planning Commission's vote, as well as plaintiff's federal equal protection cause of action. The court however, denied defendants' motion to dismiss plaintiff's due process causes of action with respect to the City's alleged misinterpretation of the Madera Municipal Code. (*Id.* at 9.)

/////

On January 11, 2017, following the filing of plaintiff's first amended complaint, defendants again moved to dismiss plaintiff's complaint for failure to state a claim. (Doc. No. 15.) On January 27, 2017, plaintiff filed an opposition. (Doc. No. 17.)

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material

which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

## DISCUSSION

**A.   Due Process**

Defendants move to dismiss plaintiff's first and second causes of action which are premised on plaintiff's theory that he was denied procedural due process when members of the Planning Commission voted to deny his original application as a result of Mr. Rigby's email, without previously disclosing the content of that ex parte communication.[1] As they did in response to plaintiff's original complaint, defendants again contend that plaintiff has failed to state a due process claim because he has not identified an underlying property right that would trigger due process protections under the federal or state constitutions. (*See* Doc. No. 15-1 at 55–9.)

The Fourteenth Amendment to the United States Constitution and Article 1 of the California Constitution prohibit state action that deprives a person of life, liberty, or property without due process of law. U.S. Const. amend XIV § 1; Cal. Const. art. 1, § 7(a).[2] To state a claim based upon an alleged violation of procedural due process, plaintiff must allege (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003); *see also Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 459–60 (1989); *Portman v. Cty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). Property interests are not created by the Constitution but "by

---

[1] As clarified at the hearing on the pending motion, in light of this court's prior order, defendants are not now seeking dismissal of plaintiff's due process causes of action with respect to the City's alleged misinterpretation of the Madera Municipal Code.

[2] California state due process claims are coextensive with federal due process claims; therefore resolution of the federal due process claim will decide the state due process claim. *Payne v. Superior Court*, 17 Cal. 3d 908, 914 n.3 (1976); *see also Los Angeles Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 705 n.4 (9th Cir. 1992).

existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). At one end of the spectrum, a state operating license that can be revoked only "for cause" creates a property interest. *See, e.g.*, *Barry v. Barchi*, 443 U.S. 55, 64 (1979). At the opposite end of the spectrum, a statute that grants the reviewing body unfettered discretion to approve or deny an application does not create a property right. *See, e.g.*, *Jacobson v. Hannifin*, 627 F.2d 177, 180 (9th Cir. 1980). "Whether a statute creates a property interest in the renewal of an existing operating license falls somewhere in the middle of those extremes." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1164–65 (9th Cir. 2005).

Here again, plaintiff alleges substantially the same facts in his first amended complaint as he did originally. Moreover, in his opposition to the pending motion to dismiss, plaintiff has not identified any authority to support the notion that he had a property interest, for due process purposes, in either the disclosure of an ex parte communication prior to the Planning Commission's hearing, or approval of his permit application. Rather, plaintiff continues to rely solely on the state appellate court decision in *Pinheiro v. Civil Serv. Comm'n*, 245 Cal. App. 4th 1458, 1463 (2016), for the proposition that the Planning Commission's reliance on external evidence outside of the record in denying his application violates plaintiff's due process rights. (*See* Doc. Nos. 14 ¶ 8, 17 at 4–7.) *Pinheiro*, however, is inapplicable to the present case. In that case, a former Fresno County employee sued the county's civil service commission on the grounds that the commission's reliance on extrinsic evidence in upholding his dismissal denied him his right to a "fair trial" under California Code of Civil Procedure § 1094.5. *Pinheiro*, 245 Cal. App. 4th at 1462–63. The state appellate court had no cause to and did not address a separate constitutional due process cause of action, and it even appeared to distinguish actions brought under § 1094.5 from constitutional claims. *See id.* at 1463 ("The 'fair trial' requirement of section 1094.5 is not synonymous with constitutional due process and does not mandate 'a formal hearing under the due process clause.'" (citing *Pomona Coll. v. Superior Court*, 45 Cal. App. 4th 1716, 1730 (1996)); *see also Pomona Coll.*, 45 Cal. App. 4th at 1730 ("The use of the

words 'fair trial' does not mean that [the complainant] was entitled to a formal hearing under the due process clause."). As noted in *Pinheiro*, § 1094.5 creates a statutory right to a "fair trial" by a state administrative agency and sets forth certain procedural requirements in that regard. *See Pinheiro*, 245 Cal. App. 4th at 1463; *see also* Cal. Code. Civ. Proc. § 1094.5(a)–(c). But this court has not found authority that such a right constitutes a property interest under the due process clauses of the federal and state constitutions.[3]

Accordingly, plaintiff's first and second causes of action will be dismissed to the extent they are based upon defendants' alleged nondisclosure of Mr. Rigby's email prior to the Planning Commission's vote.

**B.   Equal Protection**

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *see also Lee*, 250 F.3d at 686. To state a viable claim under the Equal Protection Clause, a plaintiff "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." *Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Serrano v. Francis*, 345 F.3d 1071 (9th Cir. 2003) (quoting *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994)).

In his first amended complaint, plaintiff again alleges that as a Pakistani immigrant, he "could feel the racial and ethnic animosity against" his opening of a business in Madera, and that defendants "singled out" or "showed animus" toward him because of his race, ethnicity, religion, or national origin. (Doc. No. 14 ¶ 39.) As the court has previously concluded, those allegations alone failed to state a cognizable equal protection claim. (*See* Doc. No. 12 at 6.) In his first

---

[3] Notably, based on defendants' submissions, plaintiff appears to have separately and directly challenged the Planning Commission's decision pursuant to § 1094.5, in his pending state court action. (*See* Doc. No. 15-3, Ex. C.)

amended complaint, plaintiff does not directly allege that any of the defendants acted with discriminatory intent. *Cf. Monteiro*, 158 F.3d at 1026 ("Because Monteiro pled intent as to Equal Protection . . . it was error for the district court to dismiss for failure to plead intent."). Instead, he pleads several additional facts which, as discussed further below, do not sufficiently give rise to the plausible inference that the named defendants have acted with discriminatory intent based on plaintiff's protected status.

First, plaintiff alleges that the City's planning manager held beliefs or made statements that might suggest an animus toward individuals of Pakistani descent or practicing Muslims. Specifically, plaintiff alleges he was made aware that the planning manager did not like the fact that a young Pakistani Muslim person was opening a business involving a beer and wine license, and that the planning manager had stated to another Muslim individual that "your kind of people will have the hardest time in opening businesses in Madera." Accepting these allegations as true, the court may certainly draw the plausible inference that the City's planning manager harbored animus toward individuals like plaintiff Lateef. But the first amended complaint alleges no additional facts that tie such attitudes on the part of the City's planning manager to any act of discrimination. For example, as noted above, plaintiff alleges that Planning Commission staff unanimously recommended granting his original application before the Planning Commission's hearing on the matter, and that it was the substance of City Councilman Rigby's email that caused members of the Planning Commission to reject the staff recommendation. Plaintiff has not alleged that the planning manager's beliefs factored into the Planning Commission's decision in any way, let alone affected the staff's favorable analysis prior to the vote. Nor has plaintiff alleged that the planning manager's beliefs affected the outcome of the City Council's vote. As plaintiff contends, the City Council's four-to-one vote was sufficient to grant him a use permit on appeal, and plaintiff has not alleged that the planning manager's alleged animus affected the one dissenting City Council vote or the city attorney's subsequent and different interpretation of the Madera Municipal Code. In sum, plaintiff's allegations with respect to the planning manager's beliefs simply do not give rise to an inference of discriminatory intent.

/////

Second, plaintiff broadly alleges that the City issued at least five similar conditional use permits involving alcohol licenses for individuals, or corporations involving individuals, of Indian decent. Apart from the permits' alleged similarity, there is no indication that defendants' issuance of those permits—and their rejection of plaintiff's application—was motivated by considerations of race, ethnicity, or national origin. Moreover, to the extent this allegation supports an inference that defendants' approval of permits had a discriminatory effect on individuals of Pakistani descent, such an inference alone cannot support an equal protection claim under the Fourteenth Amendment because plaintiff has not alleged that the practice of issuing permits to other groups was based on a discriminatory purpose. *See Pers. Adm'r of Massachusetts v. Feeney*, 442 U.S. 256, 272 (1979).[4]

Because he has not alleged that defendants acted with discriminatory intent or facts to support an inference of such discriminatory intent, plaintiff's third cause of action alleging an equal protection violation must also be dismissed.

**CONCLUSION**

For the reasons set forth above,

1. Defendant's motion to dismiss certain causes of action in plaintiff's first amended complaint (Doc. No. 15) is granted;

2. The first and second causes of action of plaintiff's first amended complaint are dismissed to the extent they are based on defendants' alleged nondisclosure of Mr. Rigby's email prior to the Planning Commission's vote;

---

[4] In addition, a municipality, such as the City here, may be liable under § 1983 only where it causes the constitutional violation through a "policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Therefore, municipal liability in a § 1983 case may be premised upon (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity;" (3) the act of an "official whose acts fairly represent official policy such that the challenged action constituted official policy;" or (4) where "an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.'" *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008) (quoting *Ulrich v. City & County of San Francisco*, 308 F.3d 968, 984–85 (9th Cir. 2002)). To the extent plaintiff alleges that the City itself is liable under § 1983, he has not alleged sufficient facts in his amended complaint to support a cognizable claim of municipal liability.

3. The third cause of action of plaintiff's first amended complaint alleging an equal protection violation is dismissed;

4. Defendant Planning Commission is dismissed from this action;

5. This action now proceeds on the first and second causes of action of plaintiff's first amended complaint, only with respect to defendant City's alleged misinterpretation of the Madera Municipal Code; and

6. This matter is referred to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **March 21, 2017**

_____
UNITED STATES DISTRICT JUDGE